**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **DAVID GENE MORRIS, ID # 285845,** | ) | |
| **Petitioner,** | ) | |
| **vs.** | ) | **No. 3:09-CV-0971-K-BH** |
| | ) | |
| **NATHANIEL QUARTERMAN, Director,** | ) | **Referred to U.S. Magistrate Judge** |
| **Texas Department of Criminal** | ) | |
| **Justice, Correctional Institutions Division,** | ) | |
| **Respondent.** | ) | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b) and an Order of the Court, this action has been referred to the United States Magistrate Judge for findings, conclusions, and recommendation.

## I. BACKGROUND

Petitioner, an inmate currently incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division (TDCJ-CID), filed a petition for writ habeas corpus pursuant to 28 U.S.C. § 2254 to challenge a November 8, 2007 denial of parole related to his current life incarceration for murder in Cause No. F78-865-MP.  He names  Nathaniel Quarterman, Director of TDCJ-CID, as respondent.

In 1978, petitioner was convicted of murder and was sentenced to life imprisonment.  He has been considered for parole six times, and received his most recent denial on November 8, 2007.  The official web site for the Court of Criminal Appeals indicates an April 2009 receipt and denial of a state habeas application (WR-7,970-12) related to petitioner's 1978 murder conviction.[1]  *See* Texas Courts Online, http://www.cca.courts.state.tx.us/opinions/Case.asp?FilingID=266760 (accessed May

---

[1]  Because petitioner's federal filings indicate that he has pursued a state application for writ of habeas corpus related to the latest parole denial, the Court considers WR-7,970-12 to be that application.  The Court, furthermore, has verified that petitioner filed that application with the trial court on January 7, 2009.

29, 2009).

On May 12, 2009, petitioner filed a federal petition for writ of habeas corpus. (*See* Pet. Writ Habeas Corpus (Pet.) at 9.)  He claims that through the latest denial of parole, the Parole Board has (1) retaliated against him for filing prior lawsuits; (2) denied him due process; (3) violated the ex post facto clause in two respects; and (4) violated the Separation of Powers doctrine. (*Id.* at 7-8c.)

## II.  STATUTE OF LIMITATIONS

Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. 104-132, 110 Stat. 1217, on April 24, 1996.  Title I of the Act applies to all federal petitions for habeas corpus filed on or after that date.  *Lindh v. Murphy*, 521 U.S. 320, 326 (1997).  Because petitioner filed the instant federal petition after its effective date, the Act applies to his petition.

Title I of the Act substantially changed the way federal courts handle habeas corpus actions. One of the major changes is a one-year statute of limitations.  *See* 28 U.S.C. § 2244(d)(1).  The one-year period is calculated from the latest of either (A) the date on which the judgment of conviction became final; (B) the date on which an impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was pre-vented from filing by such State action; (C) the date on which the Supreme Court initially recognizes a new constitutional right and makes the right retroactively applicable to cases on collateral review; or (D) the date on which the facts supporting the claim became known or could have become known through the exercise of due diligence.  *See id.* § 2244(d)(1)(A)-(D).

Petitioner has alleged no state-created impediment under subparagraph (B) that prevented him from filing his federal petition.  Nor does he base his petition on any new constitutional right under subparagraph (C).  Because the instant challenge is not directed toward his holding conviction,

the finality of his judgment of conviction under subparagraph (A) likewise provides no proper starting point for determining the timeliness of this action. For purposes of this action, the Court will calculate the one-year statute of limitations under subparagraph (D) – the date on which petitioner knew or should have known with the exercise of due diligence the facts supporting his claims.

In this case, petitioner contends that he was most recently denied parole on November 8, 2007. That is the date which commences the limitations period for this habeas challenge to that parole denial. *See Busby v. Quarterman*, No. 3:07-CV-0417-L, 2009 WL 464224, at *2 (N.D. Tex. Feb. 24, 2009) (accepting recommendation of Mag. J.); *McAleese v. Brennan*, 483 F.3d 206, 214, 217-19 (3rd Cir. 2007).

Because petitioner filed his federal petition more than one year after he discovered the factual predicate of his claims, a literal application of § 2244(d)(1) renders his petition untimely.

## III. TOLLING

The AEDPA expressly and unequivocally provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending *shall not be counted toward any period of limitation under this subsection*." 28 U.S.C. § 2244(d)(2) (emphasis added). Thus, the clear language of § 2244(d)(2) mandates that petitioner's time calculation be tolled during the period in which he had a habeas application or other collateral review pending before the state courts. *See also Henderson v. Johnson*, 1 F. Supp. 2d 650, 652 (N.D. Tex. 1998) (holding that the filing of a state habeas application stops the one-year period until ruling on state application).

When petitioner filed his state application for writ of habeas corpus to challenge the November 2007 denial of parole on January 7, 2009, the statutory tolling period had already expired.

3

Accordingly, the statutory tolling provision does not save the federal petition filed on May 12, 2009. Further, petitioner has filed nothing to indicate that rare and exceptional circumstances warrant equitable tolling. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (recognizing that statute of limitations is subject to equitable tolling). Accordingly, the instant habeas action falls outside the statutory period and should be deemed untimely.

## IV.  EVIDENTIARY HEARING

Based upon the information before the Court, the instant action is untimely and an evidentiary hearing appears unnecessary.

## V.  RECOMMENDATION

For the foregoing reasons, the undersigned Magistrate Judge **RECOMMENDS** that the Court find the request for habeas corpus relief brought pursuant to 28 U.S.C. § 2254 barred by statute of limitations and **DENY** it with prejudice.

**SIGNED this 29th day of May, 2009.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on all parties by mailing a copy to each of them.  Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten days after being served with a copy.  A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made.  The District Court need not consider frivolous, conclusory or general objections.  Failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error.  *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

5